## 13874.   COUCH v. THE STATE.

That the alleged principal offender, after conviction, had filed a motion
for a new trial, which was still pending, was not ground for a plea in
abatement by one indicted for receiving stolen goods.

DECIDED NOVEMBER 14, 1922.

Indictment for receiving stolen goods; from Paulding superior
court — Judge Irwin.   June 23, 1922.

*C. B. McGarity, W. E. Spinks,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

BLOODWORTH, J.   Plaintiff in error was indicted for know-
ingly receiving stolen goods.  When the case was called for trial
he filed the following plea: " Now comes the defendant and, be-
fore being arraigned in this case, presents his plea in abatement
and says that Albert Couch, the alleged principal offender, has not
been finally convicted; that there was a verdict of guilty rendered
against said Albert Couch at the August term, 1921, but at the
same term of said court he filed his motion for a new trial which
is still pending in this court, and which suspends said verdict
and judgment in said case until said motion for new trial is finally
disposed of, which he here and now pleads in abatement of the
above indictment." Upon motion of the solicitor-general the plea
was " overruled."   This ruling was not erroneous.  The purpose
of a plea in abatement is not to continue the case on trial until .
the happening of some event in the future, but is to defeat entirely
the particular proceeding.   Had the judge sustained the plea the
effect would have been to quash the indictment, and no such re-
sult should follow from the mere fact that the principal offender,
after conviction, had " filed his motion for a new trial, which is
still pending."

2.   In the brief of the attorney for the plaintiff in error he con-
cedes that the verdict is not without evidence to support it.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*